## CHARLES F. STOKES
*v.*
## HENRY W. DOOLEY.

San Juan, Law, No. 417.

When the court deems the verdict in a libel suit to be excessive, it has the power to make an order that a new trial will be granted unless the plaintiff in judgment remits part of the judgment.

Opinion filed July 1st, 1907.

*Messrs. Pettingill & Leake,* attorneys for plaintiff.

*Mr. Henry F. Hord* and *Mr. J. F. P. Des Garennes,* for the defendant.

RODEY, Judge, delivered the following opinion:

This cause is before us on a motion for a new trial. At the recent term of court it was tried before a jury which rendered a verdict in favor of plaintiff for $3,000. Counsel for defendant complain bitterly of the court's action in holding that the writing of the letter, upon which the cause of action is based, is in fact a libel, and complain in like manner about the rulings during the trial and of the instructions of the court, and complain further because, under the act of Congress, there is no appeal from any verdict in this court that is not over $5,000.

Because, in a rather elaborate opinion we rendered on the demurrer to the original complaint, we admitted that it was a close question whether the writing of the letter complained of was a libel at all or not, but that we were satisfied it was within the line, and the propriety of bringing the action was matter entirely with the plaintiff, counsel for defendant point out that, had it not been for the almost inexcusable mistake of counsel for plaintiff in leaving out of the letter complained of, the word "apparently," the court might, perhaps, not have held the writing of the letter a libel at all; and insist that it was nothing but the instructions of the court, the feeling shown during the trial, and the excitement in the community, that induced the jury to render such a verdict, and that to permit a verdict of $3,000 to stand for the writing of what at most could be characterized as but a mere impertinent letter would be a judicial outrage.

Stokes v. Dooley.

Since the filing of this motion for a new trial, we have given the subject considerable examination, and we are satisfied from re-reading our instructions and our opinion on the demurrer, that the court, at least, was not guilty of any error, unless it is the holding of the writing of the letter to be a libel. We have examined nearly a hundred cases of recent date throughout the nation with reference to verdicts in cases of libel, but we have found no case so similar to the one at bar as to throw much light on the matter of the size of the verdict. Nearly all of the cases involved direct scandalous and outrageous accusations of indictable offenses, from murder down the list, and some of the verdicts were given under the instructions of the court middling high in the way of punitive damages, while others were remarkably low.

Because of the closeness with which the wording of the letter in question approaches the line of division between that which is libel and that which is not libel, and because of the rather mild character of the letter as a whole, in the sense of being a libel, it not involving criminal moral turpitude, and not being in fact published save in a technical sense, as it was merely dictated to a stenographer and sent direct to the plaintiff himself, we do feel that the blunder of counsel for plaintiff in leaving out the word "apparently," in the opening sentence of the letter, was something that could be complained of. It made the letter read in the form of a direct accusation instead of an inquiry. True, other parts of the letter made a direct accusation, but made it as the word of others. It is also true that, in their pleadings, counsel for defendant pleaded, in justification, the truth of the charge that plaintiff had been guilty of unprofessional conduct as a physician, in that he refused to respond to a call of humanity, and this, of course, is just the same

as a charge in the first instance. There is some excuse for counsel doing this, because, at that time, they had not seen the original letter, and did not know that the word "apparently" had been left out of the copy put in the complaint. Counsel for defendant have themselves to blame somewhat, if not wholly, for the size of the verdict, because they repeatedly asked the jury to give a large verdict against their client or none at all, so that they might appeal from it.

Immediately after we delivered our instructions, we were afraid we had transgressed the line in favor of plaintiff; but, after re-reading them carefully, in the light of recent decisions we have since examined, we think the cause was submitted to the jury with fairness. In looking this case over from beginning to end, we realize the responsibility that is upon us. On the one hand, if we have erred in holding the letter written to be a libel at all, there is absolutely no remedy for defendant. The trial demonstrated that the plaintiff is a physician of the highest standing in his profession, with a national reputation; and were the verdict of the jury for $1, the vindication for him would have been equally good. His character, as demonstrated during the trial, is not such as that anybody could say that he brought this suit for the money that he might recover. He deserved what we think, on the whole, was a just vindication for the interference of defendant in the matter at all; but, if defendant had pleaded guilty if it was a criminal action, or had admitted the allegations of the complaint, and requested the court to fix the damages, we would not have thought for a moment of fining the man $3,000, nor would counsel on either side have expected us to inflict such an unjust punishment on him. There was such intense excitement in the community, and such feeling exhibited during the trial, that we are con-

fident the jury was influenced to impose heavy smart money on the defendant, and we do not think it was a case which strictly in law deserved to be thus treated.

We know that the action we are going to take will not suit the defendant or his counsel, because they appear to consider that there should be no liability in the case. With this we have no hesitation in disagreeing. We do think defendant was guilty of a libel of the plaintiff, and that the letter, even with the word "apparently" left out, was actionable *per se;* but we do not think defendant's feeling in this regard should have any weight with us in fixing what we think would be a reasonable recovery.

We have examined the subject and find that we have full power; and, in support of our contention, we cite the case of Duke v. Morning Journal Asso. (Feb. 3, 1903; C. C. S. D. N. Y.) 120 Fed. 860. And therefore a new trial will be granted unless the plaintiff stipulates to reduce the recovery to the sum of $1,500, and this will include the counsel fee referred to in the statute; and an order will be entered accordingly.